## ELECTRIC PAINT & VARNISH COMPANY v. J. A. KITTS.

Eastern Section. December 18, 1926.

Petition for Certiorari overruled by Supreme Court April 30, 1927.

1. **Pleading. Where contents of bill show the action is on an account coming from another State it is sufficient.**

In an action on an account which arose in another state where the bill did not expressly state that the suit was on a sworn account "coming from another State," and did not use the words "here to the court shown" but the contents of the bill did show that the action was on account coming from another State held that the bill was sufficient under Shannon's Code, Sec. 5561.

2. **Pleading. Answer to a bill on an account coming from another State must be verified regardless of the fact that the bill may expressly waive the oath to the answer.**

Where the reading of a bill and the exhibits thereto should have put anyone on notice that the suit was based upon a sworn account coming from another State it was necessary for defendant's answer to be verified and the fact that the bill expressly waived defendant's oath to his answer was immaterial.

3. **Appeal and error. Failure to object to introduction of evidence in the lower court waives the right to object to it in the appellate court.**

Where defendant permitted an account to be read at the trial without objection and then sought to have the case reversed because the account had been substituted for the original filed held that the case would not be reversed because the defendant should have objected to the account at the trial.

Appeal from Chancery Court of Union County; Hon. Ernest R. Taylor, Chancellor.

Affirmed.

W. P. Monroe, of Maynardsville, for appellant.

Chas. S. Kitts, of Maynardsville, for appellee.

THOMPSON, J. The complainant, Electric Paint & Varnish Company, an Ohio corporation whose place of business was at Cleveland, Ohio, shipped six half barrels of liquid paint roofing to the defendant, J. A. Kitts, at Luttrell, Tennessee. The price of this paint roofing was $292.50, less the freight charges of $27.94. When the paint reached Luttrell, Mr. Kitts declined to pay the freight charges and receive it. This was upon the ground that he had only ordered one half barrel.

Complainant sued him in the chancery court of Union county. The Chancellor gave complainant a recovery of $264.56, with $34.70 interest from the filing of the original bill,——a total recovery of $299.26. Defendant has appealed to this court, and assigned errors as follows:

"1. The learned Chancellor erred in holding that the instant suit constituted an action on a proven account coming from another State, for the reason that there is no averment in the complainant's bill that it is based upon a proven account from another State, and for the further reason that (if) it was upon a proven account no profert of same is made in the bill; it is not made a part thereof, and could not have been at the time of the filing of the bill.

"He should have held that the suit was a simple suit on account, and that the answer as filed by the defendant was sufficient to bring all questions into issue, and admit all competent evidence offered by the defendant.

"2. The learned Chancellor erred in finding that the defendant was indebted to the complainant in the sum of $299.26, or in any amount.

"He should have found that the defendant was not indebted to the complainant in any amount for the reason that he only gave an order for one half barrel of the paint; that the amount of paint so ordered by him was never delivered to him, or in fact shipped to him pursuant to the order, and for that reason no liability as against him ever attached.

"3. The learned Chancellor erred in excluding all of the testimony and evidence of the defendant on objection of the complainant.

"He should have held that all of the evidence offered was competent under the state of the pleadings."

To a proper understanding of the questions presented it is necessary to make a statement as to the way the case was prepared and tried.

The complainant took the deposition of Mr. A. C. Fischer, its general manager at Cleveland, Ohio. Mr. Fischer testified that he received defendant's order, dated March 3, 1924, for six half barrels of the paint; that on March 7, 1924, he wrote defendant thanking him for the order and confirming it, etc; and that on March 11, 1924, he shipped the six half barrels to Mr. Kitts at Luttrell, Tenn.

Defendant took the deposition of himself and others tending to show that he only ordered one half barrel, and did not bind himself in connection with the other five which complainant shipped.

The cause was taken up for trial on May 17, 1926. The complainant's attorney read the original bill and sworn account attached thereto. The defendant's attorney then read defendant's unsworn answer and exhibits thereto. The complainant's attorney then read the deposition of Mr. Fischer and the exhibits thereto. Then the defendant's attorney offered to read the depositions of defendant and others tending to prove that defendant only ordered one half barrel of the paint, etc., but the complainant's attorney objected to the introduction of such testimony upon the ground that complainant's

suit being based upon a sworn account coming from another State, and the justness of such account not being denied under oath, it was conclusive upon defendant. The court reserved action on the objection and allowed the depositions of the defendant and others to be read subject to objection, but after argument and consideration sustained the objection and excluded the depositions, the court holding that under the pleadings (the answer not being sworn to or the justness of the account not otherwise being denied under oath) the sworn account exhibited was conclusive evidence of the justness of the debt sued for; to which action of the court the defendant excepted.

The court then found that the defendant purchased from the complainant, and that complainant shipped to the defendant, the paint appearing on the sworn account to the value of $292.50, less freight charges thereon to the amount of $27.94, and awarded complainant a recovery therefor, with interest,—the total recovery being $299.26.

The decree then recites:

"After the court had announced its findings of fact and conclusions, and the trial was concluded, the defendant, on May 20, 1926, presented and was allowed to file and have entered the following motions:

"In this cause comes the defendant and moves the court to strike from the file the sworn account mentioned and relied upon in complainant's bill, on the following grounds:

I

"That said bill was filed on the 5th day of January, 1924, and recited that the sworn account was annexed thereto as Exhibit 'B,' but as a matter of fact the sworn account upon which complainant relies was not in existence at that time, and was not sworn to until May 1, 1924, which was four months after complainant's bill had been filed. That the sworn account upon which the bill was founded should have been filed along with the said bill.

II.

"For the reason that the sworn account relied upon has never been filed and is not a part of the record. But that complainant's attorney has some time since May 1, 1924, placed said sworn account in the file, and writing on the back thereof 'Filed Jan. 5, 1924,' and signed the name of E. D. Monroe, C. & M. That this action was taken without the knowledge or consent of the Clerk & Master, hence said sworn account is not now nor never has been a valid part of the record. That defendant answered said bill on June 13, 1924, and that said sworn account was not in the file at that time.

"J. A. Kitts,

"By Chas. S. Kitts, Atty.

"Thereupon the complainant presented and was allowed to file and have entered the following motion:

"Comes the complainant and moves the court to strike from the file  the motion of the defendant filed in this cause on this May 20, 1926, for the reason that the case has been heard upon its merits, and the exhibit referred to therein was introduced in evidence without objection and was read to the court and has been treated as filed and used as exhibit thereto without objection or exception until all the record had been read to the court and the law of the case presented to the court.

### III.

"Because the facts stated in the second ground of motion are not supported by any affidavit and have no bearing on the case.

"W. P. Monroe, Atty.,

"In support of complainant's motion there is filed the affidavit of its solicitor, which is also allowed to be marked filed."

The affidavit referred to is as follows:

"I, W. P. Monroe, attorney for complainant in the above-styled cause, say that in respect to the motion that is filed by the defendant in this cause, that when the  original bill in this cause was filed that I had a sworn account from client and that I placed the same in the record as a part thereof and that by some means the account was lost and that without my knowledge, and that I then wrote to client who resides in Ohio to send another account and which was done and that I immediately upon receipt of it at or near the date shown thereon, I placed it in the file where it has been during the taking of the entire testimony and trial of the case.

"That it is true that upon receipt thereof that I did mark on it 'filed,' assuming that there would not be any objections in so much as the bill recited that the same was made a part of it and no question had been made of it, and I do not now recall just what I said to the master about the matter, whether or not I even mentioned it as it was a formal matter. I certainly had no intention of imposing on the defendant or his counsel."

The decree then continued:

"After consideration of the above motions the court is of opinion that the question raised by defendant's motion comes too late. The court being of the opinion that under the rule announced in App v. Tieman, 10 Heisk., 44, the defendant in permitting the reading of the original bill and the exhibit thereto without objection or denying under oath the justness of the account sued upon waived any and all right to object on account of any of the grounds set out in said motion and the same and each and every ground thereof is disallowed, to which action the defendant excepts.

"Thereupon came the defendant and presented and was allowed to file his petition for a rehearing of the cause, which petition was marked filed on May 20, 1926, and while not signed by defendant or his solicitor is treated as if so signed, and made a part of the record, and the court after consideration of the petition, and a further consideration of the record in the cause, is of the opinion that the matters presented by said petition have already been considered and passed upon by the court, and the said petition is denied and overruled, to which action of the court the defendant reserves exceptions."

The petition for a rehearing, above referred to, was upon the following grounds:

"That said decree was based upon a mere technicality, and not upon the merits of the case. That the complainant filed said bill which was based on a sworn account which was alleged to have been filed with the bill, but as a matter of fact said sworn account was not in existence at that time, and was not sworn to until May 1st. or four months after the filing of the bill. That said sworn account has never been filed and is not a valid part of the record; that said bill, as filed, was based on said sworn account, and that the court treated all matters as having been regularly done. That said account was marked filed by complainant's attorney and not by the Clerk & Master, that said account was marked filed as January 5, 1924, when as a matter of fact it was not in existence until May 1, 1924. That defendant has been taken by surprise, inasmuch as he did not know these facts at the hearing and has since the hearing discovered this new evidence as verified by the record."

The decree then continued:

"In examining the record on passing on the motion or petition to rehear, the court has observed the following facts appearing upon the face of the record;—that while the original bill appears to have been marked filed as of January 5, 1924, the prosecution bond given by complainant is dated May 8, 1924, and was filed June 5, 1924, the subpoena to answer was issued June 5, 1924 and the officer's return shows that it was served on the defendant on June 6, 1924, the affidavit to the sworn account exhibited to the bill is dated May 1, 1924, so that said account was in existence when the prosecution bond was executed and filed, and the subpoena to answer was issued and served: insofar as the defendant's rights may be prejudiced by this additional finding of fact by the court the defendant excepts to the same.

"In the event of an appeal from this decree, all excluded testimony will be restored to the record the same as if preserved by a bill of exceptions, and will be copied by the clerk at its appropriate place in the transcript."

As stated, the defendant reserved exceptions to all adverse rulings, and has appealed to this court and assigned error above quoted.

It appears from the foregoing and from the entire record that although the Chancellor permitted the defendant's proof to be read, yet he excluded it and in effect found, in accordance with complainant's proof, that defendant had ordered six half barrels of the paint, instead of only one as insisted by defendant. And this holding was upon the ground that defendant had failed to deny *under oath* the justness of the account sued upon.

The bill expressly waived the defendant's oath to his answer, and the defendant did not swear to his answer.

The caption of the bill, following the address to the Chancellor, was:

"The Electric Paint & Varnish Company, a Corporation organized under the laws of Ohio, a resident of and whose place of business is in the City of Cleveland, in the State of Ohio, Complainant,"

V.

"J. A. Kitts, a citizen and resident of the county of Union and State of Tennessee, Defendant."

Paragraph one, two, three and four of the bill are as follows:

I

"That the residence of the parties are as stated in the caption hereof and that the complainant is engaged in the sale of paints, varnish and other kindred merchandise, and that the defendant is engaged in the business of running a general store at Luttrell, in Union county, Tennessee.

II

"That your complainant by written order sold on March 3, 1924, to the defendant, a bill of goods in accord with an order executed by him, the total amount of which was $292.50, and that the complainant immediately filled said order and the goods so ordered were by the complainant shipped to the said J. A. Kitts in accord with said order to his freight address at Luttrell, Tennessee, and that said shipment was made March 15, 1924.

III

"That your complainant has rendered to the said defendant said bill so due and owing and that they have made repeated demands for payment thereof but that the debtor refuses to pay said bill and has wholly failed to pay the account made with the complainant as result of the said order. That said order executed by the defendant is filed herewith as Exhibit 'A,' and that the sworn account of the complainant is annexed hereto as Exhibit 'B,' but need not be copied in the issuance and service of process.

## IV

"That said sworn account is just, due and unpaid after allowing all just credits. That the defendant refused to pay the same and that there are no set-offs or counter-claims against the said bill but that the entire amount thereof is past due and unpaid together with all costs in proving said account. Complainant therefore sues upon said account."

Notwithstanding the fact that the bill does not expressly state that the suit is on a sworn account "coming from another State," and does not use the words "here to the court shown," we think it was sufficient, under Shannon's Code, sec. 5561, and the decisions there annotated, to require the defendant to deny under oath the justness of the account in order to be entitled to introduce evidence impeaching it. The order for the goods was filed as Exhibit "A," and a properly verified or sworn account was annexed and filed as Exhibit "B." We think that a reading of the bill and exhibits should have put anyone on notice that the suit was based upon a sworn account coming from another State, and the fact that the bill expressly waived the defendant's oath to his answer was immaterial. Gibson's Suits in Chancery, sec. 374.

But it appears that the original sworn account which was annexed and filed with the bill became misplaced or lost, and that the attorney for the complainant replaced it with another which he himself marked filed as of January 5, 1924. We think that most of defendant's argument is answered by the statement that there was some conflict in the papers and confusion in the minds of counsel as to when the original bill was filed. We think it clear from the record that the bill was not filed in January, 1924, but was filed on June 5, 1924. We base this not only upon the facts found by the Chancellor hearing on the question, and in which we concur, but also upon the fact that on page one of the transcript or record which was filed in this court it is expressly stated that the original bill was filed June 5, 1924.

The sworn account which was read at the trial was sworn to on May 1, 1924, which was prior to the filing of the original bill on June 5, 1924, and subsequent to the order which defendant gave complainant (on March 3, 1924) and the shipment of the paint by complainant to defendant (on March 11, 1924).

We do not think we would be justified in reversing the decree of the Chancellor upon the ground that counsel for complainant replaced the lost sworn account by another which he himself marked filed. The defendant permitted the reading of this account at the trial on May 17, 1926, without objection, and there is absolutely no showing that there was any difference between the lost account and

the one which was read at the trial. Indeed, the contrary appears. Moreover, this was a matter about which the Chancellor was entitled to use some discretion, and it does not appear that he abused it.

It results that in our opinion there was no error in the decree of the Chancellor and the same will be affirmed. The costs of the appeal will be taxed against the defendant, J. A. Kitts.

Portrum and Snodgrass, JJ., concur.